Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Sheila N. Swaroop (SBN 203476)
sheila.swaroop@knobbe.com
Emily K. Sauter (SBN 265679)
emily.sauter@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MOPHIE, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOPHIE, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> UNU ELECTRONICS INC., a California corporation, <br><br> Defendant. | Case No.  8:13-CV-01705 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff mophie, Inc. ("Plaintiff" or "mophie") hereby complains of Defendant uNu Electronics Inc. ("Defendant" or "uNu"), and alleges as follows:

## I. JURISDICTION AND VENUE

1.     This is an action for 1) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a), 2) trademark infringement under 15 U.S.C. § 1114, 3) federal dilution under 15 U.S.C. § 1125(c), 4) copyright infringement under 17 U.S.C. § 501 *et seq*., 5) California common-law trademark infringement, and 6) California statutory and

-1-

common-law unfair competition. The Court has original subject matter jurisdiction over the claims that relate to trademark infringement; false designation of origin; trademark dilution; and trade dress infringement pursuant to sections 34(a) and 39(a) of the Lanham Act and 15 U.S.C. §§ 1116 and 1121(a); and copyright infringement under 17 U.S.C. §§ 501 *et seq.,* pursuant to 28 U.S.C. § 1331 and 1338(a), as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. This Court has personal jurisdiction over uNu because it has a continuous, systematic, and substantial presence within this judicial district and within California. For example, uNu is a California corporation, with its principal place of business in the State of California. Additionally, by selling and offering for sale infringing products in this judicial district, and by committing acts of trade dress infringement, trademark infringement, and/or copyright infringement in this judicial district, including but not limited to selling infringing products directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, uNu's acts form a substantial part of the events or omissions giving rise to mophie's claims.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

## II.  **THE PARTIES**

4. mophie is a corporation organized and existing under the laws of the State of California, having a principal place of business at 15101 Red Hill Avenue, Tustin, California 92780.

5.     Upon information and belief, uNu is a corporation organized and existing under the laws of the State of California, having a principal place of business at 29410 Union City Boulevard, Union City, California 94587. uNu is subject to the general and specific jurisdiction of this Court by virtue of its substantial contacts with California, including its participation in the acts and events occurring in this Judicial District described herein.

6.     Upon information and belief, uNu operates the website www.myunu.com.

7.     Upon information and belief, uNu operates an Amazon web store with a storefront located at the following link, under the seller name "unicshop": http://www.amazon.com/gp/browse.html?ie=UTF8&marketplaceID=ATVPDKI KX0DER&me=ANK8P1OMW3VD1.

## III.   COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

### A.   mophie's Trademarks

8.     mophie designs and develops innovative consumer electronics products, including several portable rechargeable batteries capable of charging smartphones, tablets, and other devices; and several smartphone-protective battery cases for smartphones that provide both a protective case and a portable backup battery source capable of recharging the smartphone if the smartphone's internal battery has run out of power.

9.     Prior to the acts of uNu described herein, mophie developed and launched its JUICE PACK POWERSTATION®, a portable rechargeable battery, and its JUICE PACK®, the first ever portable smartphone-protective battery case certified by Apple, Inc. ("Apple"). mophie has now developed and launched numerous other well-known portable, rechargeable batteries, including the JUICE PACK® POWERSTATION® DUO, the JUICE PACK® POWERSTATION® MINI, the JUICE PACK® POWERSTATION® BOOST, the JUICE PACK® POWERSTATION® PRO, the JUICE PACK®

-3-

POWERSTATION® RESERVE, the JUICE PACK® POWERSTATION® RESERVE MICRO, the JUICE PACK® POWERSTATION® (PRODUCT) RED, the JUICE PACK® POWERSTATION® RESERVE (PRODUCT) RED, the MOPHIE JUICE PACK® BOOST®, and numerous other well-known portable battery cases, including the JUICE PACK® PLUS®, the JUICE PACK® AIR®, the JUICE PACK® PRO®, the JUICE PACK® HELIUM®, the the JUICE PACK® PRO® OUTDOOR EDITION, the JUICE PACK® PLUS® OUTDOOR EDITION, the JUICE PACK® AIR® (PRODUCT) RED, the JUICE PACK® PLUS® (PRODUCT) RED, and the JUICE PACK® HELIUM® (PRODUCT) RED. Apple has sold the JUICE PACK®, the JUICE PACK® POWERSTATION®, and other mophie-designed smartphone-protective battery cases and portable, rechargeable batteries in its retail stores. mophie's JUICE PACK® and JUICE PACK® POWERSTATION®, and other mophie-designed smartphone-protective battery cases and portable rechargeable batteries, are also sold in retail outlets around the country and on the internet. These portable rechargeable batteries and smartphone-protective battery case products have been very successful in the marketplace. Customers that purchase products from mophie have come to expect a high level of quality in these products, and this expectation of quality is further enhanced by the fact that mophie has been qualified by Apple as an approved supplier.

10.    Since mophie's launch of the original JUICE PACK®, and prior to uNu's acts described herein, mophie has continuously used marks that incorporate mophie's famous JUICE PACK® trademark, individually or in combination with other terms (collectively, the "JUICE PACK® Marks").

11.    mophie is the owner of numerous trademark registrations for its JUICE PACK® Marks, including the following U.S. Trademark Registrations:

/ / /

/ / /

| Reg. No. | Mark | Date Filed | Reg. Date |
|----------|------|------------|-----------|
| 4,065,710 | MOPHIE JUICE PACK AIR | 10/4/2010 | 12/6/2011 |
| 4,065,711 | MOPHIE JUICE PACK POWERSTATION | 10/4/2010 | 12/6/2011 |
| 4,065,712 | MOPHIE JUICE PACK BOOST | 10/4/2010 | 12/6/2011 |
| 4,065,713 | MOPHIE JUICE PACK RESERVE | 10/4/2010 | 12/6/2011 |
| 4,065,937 | MOPHIE JUICE PACK | 11/17/2010 | 12/6/2011 |
| 4,065,942 | MOPHIE JUICE PACK PLUS | 11/18/2010 | 12/6/2011 |
| 4,195,308 | MOPHIE JUICE PACK PRO | 11/18/2010 | 8/21/2012 |
| 4,286,345 | JUICE PACK | 9/12/2012 | 2/5/2013 |
| 4,286,346 | JUICE PACK AIR | 9/12/2012 | 2/5/2013 |
| 4,331,770 | JUICE PACK PLUS | 9/12/2012 | 5/7/2013 |
| 4,331,771 | JUICE PACK PRO | 9/12/2012 | 5/7/2013 |
| 4,331,772 | JUICE PACK POWERSTATION | 9/12/2012 | 5/7/2013 |
| 4,343,660 | MOPHIE JUICE PACK HELIUM | 3/2/2012 | 5/28/2013 |
| 4,389,544 | JUICE PACK HELIUM | 9/12/2012 | 8/20/2013 |

Attached hereto as Exhibits 1-14 are true and correct copies of mophie's trademark registrations, which are incorporated herein by reference.

12.    As a result of mophie's substantial and continuous use of the JUICE PACK® Marks, mophie also has common law trademark rights to the JUICE PACK® Marks.

13.    mophie's JUICE PACK® Marks have not been abandoned, canceled, or revoked.

14.    Since 2009, mophie has extensively promoted, advertised, and marketed products which have packaging, advertisements and promotions, and/or product manuals bearing one or more of its JUICE PACK® trademarks (the "JUICE PACK® Products"). Mophie's promotional efforts include, but are not limited to, internet advertising, event sponsorships, and social media advertising.

15.    The packaging, advertisements and promotions, and/or product manuals for mophie's JUICE PACK® products are sold using one or more prominently displayed JUICE PACK® Marks. Since the initial launch of its

JUICE PACK® products, mophie has continuously used its JUICE PACK® Marks in connection with its JUICE PACK® family of products and in extensive and widespread promotional, advertising, and marketing activities relating to the JUICE PACK® products.

16.   mophie's JUICE PACK® and JUICE PACK® POWERSTATION® products have achieved substantial commercial success.

17.   As a result of mophie's substantial use and promotion of its JUICE PACK® Marks in connection with its JUICE PACK® line of products, its JUICE PACK® Marks have acquired great value as a specific identifier of mophie's products and serves to identify and distinguish mophie's JUICE PACK® products from those of others. Customers in this judicial district and elsewhere readily recognize mophie's JUICE PACK® Marks as distinctive designations of the origin of mophie's JUICE PACK® products and promotional items. mophie's JUICE PACK® Marks are intellectual property assets of enormous value as symbols of mophie and its quality products, reputation, and goodwill.

**B.   uNu's Infringement of mophie's JUICE PACK® Marks**

18.   On information and belief, uNu is engaged in the business of producing, distributing, and selling portable, rechargeable batteries and smartphone-protective battery cases.

19.   At no time has mophie ever given uNu license, permission, or authority to use and display any of mophie's JUICE PACK® Marks on any of uNu's products.

20.   Without permission or consent from mophie, uNu has sold and is offering for sale and selling portable, rechargeable batteries, smartphone-protective battery cases, and/or related products with packaging, advertisements and/or promotions, and/or product manuals unlawfully bearing marks identical or confusingly similar to one or more of mophie's JUICE PACK® Marks (the "Infringing Products"). True and correct copies of photographs and screenshots

1  of uNu's product packaging, product manuals, and advertisements and
2  promotions unlawfully bearing marks identical or confusingly similar to one or
3  more of mophie's JUICE PACK® Marks are attached hereto as Exhibits 15-22.

4  21. Upon information and belief, uNu is using mophie's JUICE
5  PACK® Marks in an attempt to falsely associate its Infringing Products with
6  mophie or to otherwise trade upon mophie's valuable reputation and customer
7  goodwill in its JUICE PACK® products.

8  22. Upon information and belief, uNu's use of mophie's JUICE
9  PACK® Marks is designed and intended to cause confusion, mistake, or
10  deception as to the source of uNu's Infringing Products.

11  23. Upon information and belief, uNu's use of mophie's JUICE
12  PACK® Marks is intended to cause consumers and potential customers to
13  believe that uNu's Infringing Products are associated with mophie or mophie's
14  JUICE PACK® products, when they are not.

15  24. By virtue of the acts complained of herein, uNu has created a
16  likelihood of injury to mophie's business reputation and goodwill, caused a
17  likelihood of consumer confusion, mistake and deception as to the source of
18  origin or relationship of mophie's and uNu's goods, and has otherwise
19  competed unfairly with mophie by unlawfully trading on and using mophie's
20  JUICE PACK® Marks without mophie's permission or consent.

21  25. Upon information and belief, uNu's acts complained of herein are
22  willful and deliberate.

23  26. uNu's acts complained of herein have caused mophie to suffer
24  irreparable injury to its business. mophie will suffer substantial loss of goodwill
25  and reputation unless and until uNu is preliminarily and permanently enjoined
26  from its wrongful acts complained of herein.

27  / / /

28  / / /

**C.     mophie's Trade Dress**

27.     Prior to uNu's acts described herein, mophie has continuously used a Circular Pattern Trade Dress on portable, rechargeable batteries and on smartphone-protective battery cases. The Circular Pattern Trade Dress is identified in the red square in the below photograph of mophie's JUICE PACK® product:



28.     mophie's portable rechargeable batteries and smartphone-protective battery case products bearing the Circular Pattern Trade Dress have been very successful in the marketplace. Customers that purchase products from mophie have come to expect a high level of quality in these products, and this expectation of quality is further enhanced by the fact that mophie has been qualified by Apple as an approved supplier.

/ / /

/ / /

29.    As a result of mophie's substantial and continuous use of the Circular Pattern Trade Dress, mophie has common-law trade dress rights to the Circular Pattern Trade Dress.

30.    mophie's Circular Pattern Trade Dress is not functional. The Circular Pattern Trade Dress is not essential to the use or purpose of portable, rechargeable batteries or smartphone-protective battery cases, does not affect the cost or quality of portable, rechargeable batteries or smartphone-protective battery cases, and the inability to use the Circular Pattern Trade Dress does not put mophie's competitors at a significant non-reputation-related disadvantage.

31.    True and correct photographs, of uNu's Exera Modular Battery Case and products that do not bear the Circular Pattern Trade Dress are shown below:

     

**uNu's Exera Modular Battery Case**          **uNu's Flexi Portable Battery Pack**

These products are currently sold on uNu's website at www.myunu.com. True and correct copies of printouts of webpages on www.myunu.com for the Exera Modular Battery Case and the Flexi Portable Battery Pack are attached hereto as Exhibit 23. These products demonstrate that use of mophie's Circular Pattern Trade Dress is not essential to the use or purpose of portable, rechargeable batteries or smartphone-protective battery cases, does not affect the cost or quality of portable, rechargeable batteries or smartphone-protective battery

cases, and show that the inability to use the Circular Pattern Trade Dress does not put mophie's competitors at a significant non-reputation-related disadvantage.

32.     mophie's Circular Pattern Trade Dress has not been abandoned.

33.     Since 2009, mophie has extensively promoted, advertised, and marketed products bearing the Circular Pattern Trade Dress. mophie's promotional efforts include, but are not limited to, internet advertising, event sponsorships, and social media advertising.

34.     The Circular Pattern Trade Dress is prominently displayed in mophie's packaging, advertisements and promotions. mophie has continuously used its Circular Pattern Trade Dress on products and in extensive and widespread promotional, advertising, and marketing activities.

35.     mophie's products bearing the Circular Pattern Trade Dress have achieved substantial commercial success.

36.     As a result of mophie's substantial use and promotion of its Circular Pattern Trade Dress, its Circular Pattern Trade Dress has acquired great value as specific identifiers of mophie's products and serves to identify and distinguish mophie's products from those of others. Customers in this judicial district and elsewhere readily recognize mophie's Circular Pattern Trade Dress as distinctive designations of the origin of mophie's products and promotional items. mophie's Circular Pattern Trade Dress is an intellectual property asset of enormous value as a symbol of mophie and its quality products, reputation, and goodwill.

**D.     uNu's Infringement of mophie's Circular Pattern Trade Dress**

37.     At no time has mophie ever given uNu license, permission, or authority to use and display mophie's Circular Pattern Trade Dress on any of uNu's products.

/ / /

-10-

38.     Without permission or consent from mophie, uNu has sold and is offering for sale and selling portable, rechargeable batteries, smartphone-protective battery cases, and/or related products unlawfully bearing trade dress identical or substantially similar to mophie's Circular Pattern Trade Dress. True and correct copies of webpages showing some uNu products unlawfully bearing mophie's Circular Pattern Trade Dress are attached hereto as Exhibits 19, 22, and 24-26.

39.     Upon information and belief, uNu is using mophie's Circular Pattern Trade Dress in an attempt to falsely associate its Infringing Products with mophie or to otherwise trade upon mophie's valuable reputation and customer goodwill in its products bearing the Circular Pattern Trade Dress.

40.     Upon information and belief, uNu's use of mophie's Circular Pattern Trade Dress is designed and intended to cause confusion, mistake or deception as to the source of uNu's Infringing Products.

41.     Upon information and belief, uNu's use of mophie's Circular Pattern Trade Dress is intended to cause consumers and potential customers to believe that uNu's Infringing Products are associated with mophie or mophie's products bearing mophie's Circular Pattern Trade Dress, when they are not.

42.     By virtue of the acts complained of herein, uNu has created a likelihood of injury to mophie's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of mophie's and uNu's goods, and has otherwise competed unfairly with mophie by unlawfully trading on and using mophie's Circular Pattern Trade Dress without mophie's permission or consent.

43.     Upon information and belief, uNu's acts complained of herein are willful and deliberate.

44.     uNu's acts complained of herein have caused mophie to suffer irreparable injury to its business. mophie will suffer substantial loss of goodwill

and reputation unless and until uNu is preliminarily and permanently enjoined from its wrongful acts complained of herein.

**E.  mophie's Copyright**

45.  mophie is the owner of a valid copyright for its original and independently-created packaging, which was registered as Registration No. VA 1-856-953, on June 18, 2012.

46.  Attached as Exhibit 27 is a true and correct copy of Copyright Reg. No. VA 1-856-953, which is incorporated herein by reference.

**F.  uNu's Infringement of mophie's Copyright**

47.  At no time has mophie ever given uNu license, permission, or authority to reproduce, prepare derivative works, or to distribute copies of mophie's copyrighted work.

48.  Upon information and belief, uNu has unlawfully copied protected elements of mophie's copyrighted work.

49.  Upon information and belief, uNu had access to mophie's copyrighted work, because mophie uses its copyright on its packaging (which is displayed at retail stores that are open to the public), its widespread advertising and promotional materials, and its publicly-available website. Upon information and belief, uNu has accessed mophie's publicly-available website.

50.  Some of uNu's product packaging and promotional materials have used protected elements of mophie's copyright, and are substantially similar to protected elements of mophie's copyrighted work:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



**Protected elements of mophie's copyright**          **uNu's derivative work**



**uNu's derivative work**

True and correct copies of webpages or uNu's product packaging showing uNu's derivative work copied from mophie's copyrighted work are attached hereto as Exhibits 16, and 28-33.

51.     Upon information and belief, uNu's acts complained of herein are willful and deliberate.

52.     uNu's acts complained of herein have caused mophie to suffer irreparable injury. mophie will suffer additional injury unless and until uNu is preliminarily and permanently enjoined from their wrongful acts complained of herein.

/ / /

/ / /

## IV.  **FIRST CLAIM FOR RELIEF**

### (Trademark Infringement, Trade Dress Infringement, and False Designation of Origin Under 15 U.S.C. § 1125(a))

53.    mophie hereby repeats, realleges, and incorporates by reference paragraphs 1-52 of this Complaint as though fully set forth herein.

54.    This is an action for trademark infringement, trade dress infringement, and false designation of origin arising under 15 U.S.C. § 1125(a).

55.    As a result of the widespread use and promotion of mophie's JUICE PACK® Marks and Circular Pattern Trade Dress, the JUICE PACK® Marks and Circular Pattern Trade Dress have acquired secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate portable, rechargeable batteries and smartphone-protective battery cases bearing the JUICE PACK® Marks and Circular Pattern Trade Dress with mophie.

56.    uNu infringed mophie's trademarks and trade dress, and created a false designation of origin, by using in commerce, without mophie's permission, trademarks and trade dress confusingly similar to mophie's JUICE PACK® Marks and Circular Pattern Trade Dress, in connection with the advertisement, offering for sale, and/or sale of uNu's Infringing Products.

57.    uNu's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of mophie with uNu, and/or as to the origin, sponsorship, or approval of uNu's goods or commercial activities, in violation of 15 U.S.C. § 1125(a).

58.    mophie is informed and believes, and on that basis alleges, that uNu did so with the intent to unfairly compete against mophie, to trade upon mophie's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that uNu's

1   Infringing Products are associated with, sponsored by or approved by mophie,

2   when they are not.

3       59.    Mophie's JUICE PACK® Marks and Circular Pattern Trade Dress

4   are used in commerce, are non-functional, and have acquired substantial

5   secondary meaning in the marketplace.

6       60.    uNu's Infringing Products are confusingly similar to mophie's

7   products bearing the JUICE PACK® Marks and Circular Pattern Trade Dress.

8   uNu has infringed mophie's JUICE PACK® Marks and Circular Pattern Trade

9   Dress, and created a false designation of origin by distributing, selling, and/or

10  promoting in commerce, without mophie's permission, its Infringing Products.

11      61.    mophie is informed and believes, and on that basis alleges, that

12  uNu did so with the intent to unfairly compete against mophie, to trade upon

13  mophie's reputation and goodwill by causing confusion and mistake among

14  customers and the public, and to deceive the public into believing that uNu's

15  Infringing Products are associated with, sponsored by or approved by mophie,

16  when they are not.

17      62.    mophie is informed and believes, and on that basis alleges, that

18  uNu had actual knowledge of mophie's ownership and prior use of the JUICE

19  PACK® Marks and Circular Pattern Trade Dress, and without the consent of

20  mophie, has willfully violated 15 U.S.C. § 1125(a).

21      63.    uNu's aforementioned acts have injured mophie and damaged

22  mophie in an amount to be determined at trial.

23      64.    By its actions, uNu has irreparably injured mophie. Such

24  irreparable injury will continue unless uNu is preliminarily and permanently

25  enjoined by this Court from further violation of mophie's rights, for which

26  mophie has no adequate remedy at law.

27  / / /

28  / / /

# V.  SECOND CLAIM FOR RELIEF

## (Trademark Infringement Under 15 U.S.C. § 1114)

65.    Mophie hereby repeats, realleges, and incorporates by reference paragraphs 1-64 of this Complaint as though fully set forth herein.

66.    This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

67.    mophie owns valid and enforceable registered trademarks for its JUICE PACK® Marks, including at least the registrations listed in Paragraph 11 above.

68.    Upon information and belief, uNu manufactures, sells, offers for sale, distributes, imports and/or exports portable, rechargeable batteries and/or smartphone-protective battery cases.

69.    Upon information and belief, uNu uses mophie's federally-registered JUICE PACK® Marks, without mophie's consent, in connection with uNu's manufacture, sales, offers for sale, distribution, importation and/or exportation of portable, rechargeable batteries and/or smartphone-protective battery cases.

70.    uNu has used in commerce, without permission from mophie, reproductions, copies, colorable imitations, and/or confusingly similar marks to mophie's JUICE PACK® Marks, and uNu applies such reproductions, copies, colorable imitations, and/or confusingly similar marks to packaging and promotional materials intended to be used in commerce or in connection with the manufacturing, distributing, selling, offering for sale, advertising, and/or promoting of goods or services on or in connection with which such use is likely to cause confusion or mistake, or to deceive.

71.    Upon information and belief, the activities of uNu complained of herein constitute willful and intentional infringements of mophie's JUICE PACK® Marks, and that uNu did so with the intent to unfairly compete against

-16-

mophie, to trade upon mophie's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that uNu's Infringing Products are associated with, sponsored by, originated from, or are approved by, mophie, when they are not.

72. Upon information and belief, uNu had actual knowledge of mophie's ownership and prior use of mophie's JUICE PACK® Marks, and has willfully violated 15 U.S.C. § 1114.

73. Upon information and belief, uNu's infringement has been willful and deliberate.

74. uNu's aforementioned acts have injured mophie and damaged mophie in an amount to be determined at trial. By its actions, uNu has irreparably injured mophie. Such irreparable injury will continue unless uNu is preliminary and permanently enjoined by this Court from further violation of mophie's rights, for which mophie has no adequate remedy at law.

## VI.  THIRD CLAIM FOR RELIEF

### (Federal Dilution of the JUICE PACK® Marks Under 15 U.S.C. § 1125(c))

75. mophie hereby realleges Paragraphs 1-74, as if fully set forth herein.

76. This is a claim for federal trademark dilution arising under 15 U.S.C. § 1125(c).

77. Products sold under mophie's JUICE PACK® Marks have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.

78. Products sold under mophie's JUICE PACK® Marks, by reason of their style and design and quality of workmanship, have come to be known to the purchasing public throughout the United States as representing products of high quality, which are sold under good merchandising and customer service

1 | conditions. As a result, mophie's JUICE PACK® Marks, and the goodwill
2 | associated therewith, are of great value to mophie.

3 | 79.    By virtue of the wide renown acquired by the JUICE PACK®
4 | Marks, coupled with the national and international distribution and extensive
5 | sale of various products distributed under mophie's JUICE PACK® Marks,
6 | mophie's JUICE PACK® Marks are famous, and became so prior to uNu's acts
7 | complained of herein.

8 | 80.    uNu's unauthorized and commercial use of mophie's JUICE
9 | PACK® Marks in connection with the advertisement, offering for sale and sale
10 | of uNu's Infringing Products has caused and is likely to continue to cause
11 | dilution of the distinctive quality of the famous JUICE PACK® Marks.

12 | 81.    uNu's acts are likely to tarnish, injure, or trade upon mophie's
13 | business, reputation or goodwill, and to deprive mophie of the ability to control
14 | the use of its JUICE PACK® Marks and quality of products associated herewith.

15 | 82.    Upon information and belief, uNu's dilution has been willful and
16 | deliberate.

17 | 83.    uNu's acts have injured mophie in an amount to be determined at
18 | trial.

19 | 84.    uNu's acts have irreparably injured mophie. Such irreparable injury
20 | will continue until and unless uNu is preliminarily and permanently enjoined by
21 | this Court from further violation of mophie's rights, for which mophie has no
22 | adequate remedy at law.

### VII.  <u>FOURTH CLAIM FOR RELIEF</u>
### (Copyright Infringement Under 17 U.S.C. § 501)

25 | 85.    mophie hereby repeats, realleges, and incorporates by reference
26 | paragraphs 1-84 of this Complaint as though fully set forth herein.

27 | 86.    This is an action for copyright infringement under the Copyright
28 | Act, 17 U.S.C. § 501 *et seq.*

87.    mophie is the owner of a valid and enforceable copyright in the fanciful product packaging and art used in connection with its portable, rechargeable batteries. The product packaging design and art contain copyrightable subject matter under 17 U.S.C. §§ 101 *et seq.*

88.    mophie has complied with the registration requirements of 17 U.S.C. § 411(a) for the Copyrighted Work, and has obtained Copyright Registration No. VA 1-856-953 for its packaging design and art.

89.    uNu's deliberate copying of mophie's Copyrighted Work infringes and continues to infringe mophie's copyright in violation of 17 U.S.C. § 501(a). uNu is directly infringing mophie's exclusive right to reproduce copies, make derivative works and distribute copies of its Copyrighted Work under 17 U.S.C. § 106(1)–(3).

90.    Upon information and belief, uNu's infringement has been willful and deliberate.

91.    uNu's acts have injured mophie in an amount to be determined at trial.

92.    mophie is being irreparably damaged by uNu's infringement of mophie's copyright, and has no adequate remedy at law to address the harm uNu is causing.

## VIII.  <u>FIFTH CLAIM FOR RELIEF</u>

### (California Common-Law Trademark Infringement)

93.    mophie hereby repeats, realleges, and incorporates by reference paragraphs 1-92 of this Complaint as though fully set forth herein.

94.    This is a claim for trademark and trade dress infringement, arising under California common law.

95.    uNu's acts complained of herein constitute trademark and trade dress infringement under California common law.

/ / /

96.    uNu's acts complained of herein are willful and deliberate, and have been committed with knowledge that the unlawful use of mophie's JUICE PACK® Marks and Circular Pattern Trade Dress causes a likelihood of confusion.

97.    uNu's aforementioned acts have injured mophie and damaged mophie in an amount to be determined at trial.

98.    By its actions, uNu has irreparably injured mophie. Such irreparable injury will continue unless uNu is preliminarily and permanently enjoined by this Court from further violation of mophie's rights, for which mophie has no adequate remedy at law.

99.    uNu's willful acts of trademark and trade dress infringement under California common law constitute fraud, oppression, and malice. Accordingly, mophie's is entitled to exemplary damages.

## IX.  <u>SIXTH CLAIM FOR RELIEF</u>
### (California Unfair Competition)

100.  mophie hereby repeats, realleges, and incorporates by reference paragraphs 1-99 of this Complaint as though fully set forth herein.

101.  This is a claim for unfair competition, arising under California Business and Professions Code § 17200, *et seq.* and California common law.

102.  uNu's acts of trademark and trade dress infringement, false designation of origin, and trademark dilution, complained of herein, constitute unfair competition with mophie under the common law and statutory laws of the State of California, particularly California Business and Professions Code § 17200, *et seq.*

103.  uNu's aforementioned acts have injured mophie and damaged mophie in an amount to be determined at trial.

/ / /

104.   By its actions, uNu has irreparably injured mophie. Such irreparable injury will continue unless uNu is preliminarily and permanently enjoined by this Court from further violation of mophie's rights, for which mophie has no adequate remedy at law.

## X.  **PRAYER FOR RELIEF**

WHEREFORE, mophie prays for judgment against uNu as follows:

A.   That the Court render a final judgment in favor of mophie and against uNu on all claims for relief alleged herein;

B.   That the Court render a final judgment that uNu has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing mophie's JUICE PACK® Marks and Circular Pattern Trade Dress, through the marketing, sale and promotion of uNu's Infringing Products;

C.   That the Court render a final judgment that uNu has willfully violated the provisions of 15 U.S.C. § 1125(a) by using a false designation of origin, false description or false representation in connection with its products;

D.   That the Court render a final judgment that uNu has willfully violated the provisions of 15 U.S.C. § 1114 by infringing mophie's trademark rights in its federally registered JUICE PACK® Marks;

E.   That the Court render a final judgment that uNu has willfully violated the provisions of 15 U.S.C. § 1125(c) by diluting mophie's famous federally-registered JUICE PACK® Marks;

F.   That the Court render a final judgment that uNu has willfully violated 17 U.S.C. § 501(a) by infringing mophie's Copyright Registration Nos. VA 1-856-953 for its packaging and art;

G.   That the Court render a final judgment that uNu has willfully infringed mophie's JUICE PACK® Marks and Circular Pattern Trade Dress under California common law;

/ / /

H.     That the Court render a final judgment declaring that uNu has unfairly competed with mophie under California statutory and common law;

I.     That uNu, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

i.     using mophie's JUICE PACK® Marks and/or Circular Pattern Trade Dress, in connection with uNu's goods, using the JUICE PACK® Marks and/or Circular Pattern Trade Dress in advertising or promoting uNu's goods, and/or using confusingly similar variations of the JUICE PACK® Marks and/or Circular Pattern Trade Dress in any manner that is likely to create the impression that uNu's goods originate from mophie, are endorsed by mophie, or are connected in any way with mophie;

ii.     copying, reproducing, distributing, displaying, creating derivative works of mophie's Copyrighted Work and/or importing, manufacturing, or producing any products bearing designs or works substantially similar to mophie's JUICE PACK® Marks, Circular Pattern Trade Dress, and/or Copyrighted Work, including without limitation any and all products displaying the JUICE PACK® Marks and/or mophie's Copyrighted Work;

iii.     otherwise infringing the JUICE PACK® Marks, Circular Pattern Trade Dress, and/or Copyrighted Work;

iv.     falsely designating the origin of uNu's goods;

v.     unfairly competing with mophie in any manner whatsoever; and

vi.     causing a likelihood of confusion or injury to mophie's business reputation;

-22-

J.      That uNu be directed to file with this Court and serve on mophie within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which uNu has complied with the injunction pursuant to 15 U.S.C. § 1116 and 17 U.S.C. § 502;

K.      That uNu be required to account to mophie for any and all profits derived by uNu and all damages sustained by mophie by virtue of uNu's acts complained of herein;

L.      That uNu be ordered to pay over to mophie all damages which mophie has sustained as a consequence of the acts complained of herein, subject to proof at trial;

M.      That mophie be awarded damages for uNu's trademark and trade dress infringement pursuant to 15 U.S.C. § 1117 in the form of uNu's profits, damages sustained by mophie and the costs of the action, together with prejudgment and post-judgment interest;

N.      That mophie be awarded treble damages pursuant to 15 U.S.C. § 1117;

N.      That mophie be awarded exemplary damages from uNu;

O.      That an award of reasonable costs, expenses and attorneys' fees be awarded to mophie pursuant to 15 U.S.C. § 1117;

P.      That uNu's actions be deemed willful;

Q.      That mophie be awarded its damages and uNu's profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504. Alternatively, if mophie elects, that mophie be awarded statutory damages pursuant to 17 U.S.C. § 504;

R.      That an award of reasonable costs, expenses, and attorneys' fees be awarded to mophie pursuant to 17 U.S.C. § 504;

/ / /

/ / /

S.     That uNu be required to deliver and destroy all devices, literature, advertising, goods and other materials bearing the infringing trade dress and marks pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503; and

T.     That mophie be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: _October 29, 2013_     By: _/s/ Sheila N. Swaroop_
                                 Steven J. Nataupsky
                                 Sheila N. Swaroop
                                 Emily K. Sauter

                                 Attorneys for Plaintiff,
                                 MOPHIE, INC.

1

## <u>DEMAND FOR TRIAL BY JURY</u>

2         Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

3  mophie hereby demands a trial by jury on all issues so triable.

4

5                           Respectfully submitted,

6                           KNOBBE, MARTENS, OLSON & BEAR, LLP

7

8  Dated:  October 29, 2013    By:  /s/ *Sheila N. Swaroop*

9                           Steven J. Nataupsky
                              Sheila N. Swaroop

10                         Emily K. Sauter

11                         Attorneys for Plaintiff,
                            MOPHIE, INC.

12

13  16429731

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-25-