UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 8:13-cv-01705-CAS (JCGx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | MOPHIE, INC. v. UNU ELECTRONICS INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Sherri Kleeger | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Paul Stewart | Kainoa Asuega |
| | Nicholas Lee |

**Proceedings:** DEFENDANT'S MOTION TO STAY ACTION PENDING RESOLUTION OF *EX PARTE* REEXAMINATION PROCEEDINGS BEFORE THE U.S. PATENT AND TRADEMARK OFFICE (ECF No. 61, filed October 29, 2014)

## I. INTRODUCTION AND BACKGROUND

This case concerns alleged infringement of intellectual property rights pertaining to plaintiff's "juice pack" mobile telephone battery packs. On October 29, 2013, plaintiff "mophie, Inc." (hereinafter "plaintiff" or "mophie") filed a complaint against defendant "uNu Electronics, Inc." ("defendant") for trademark infringement, false designation of origin, trademark dilution, trade dress infringement, unfair competition, and copyright infringement. ECF No. 1. On June 25, 2014, plaintiff filed the operative First Amended Complaint ("FAC"), which added a claim for patent infringement. ECF No. 32. The Court's most recent amended scheduling order set claim construction briefing deadlines in October and November 2014, with a claim construction hearing to be set thereafter at the Court's convenience and fact discovery to remain open for forty-five days from the issuance of the Court's order on claim construction. See ECF No. 51. This scheduling order also set the expert discovery cut-off date as March 13, 2015, and a jury trial for July 28, 2015. Id.

On September 18, 2014, defendant requested that the Patent and Trademark Office ("PTO") reexamine plaintiff's U.S. Patent No. 7,367,235 (the " '235 patent"), the same patent asserted in plaintiff's sixth claim for relief. See Lee Decl. ¶ 3 (attached to ECF No. 61); see also id. Ex. B. On October 24, 2014, the PTO granted defendant's request for *ex parte* reexamination. See id. ¶ 4; id. Ex. C. The PTO's order explained that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           'O'

| Case No. | 8:13-cv-01705-CAS (JCGx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | MOPHIE, INC. v. UNU ELECTRONICS INC., ET AL. | | |

substantial new questions of patentability were raised by prior art cited in the request for *ex parte* reexamination. Pursuant to the PTO's order, plaintiff was given two months to file a Patent Owner's Statement; defendant's reply is due two months after the service of any timely filed Patent Owner's Statement.[1] Id. Ex. C. On October 29, 2014, the parties filed their opening claim construction briefs in this Court. ECF Nos. 56, 59.

On October 29, 2014, defendant filed a motion to stay this case pending resolution of the *ex parte* reexamination proceedings. ECF No. 61. On October 31, 2014, the Court granted defendant's *ex parte* motion to stay further claim construction briefing pending the resolution of the instant motion. ECF No. 64. Plaintiff filed an opposition to the motion to stay on November 10, 2014. ECF No. 65. Defendant replied on November 24, 2014. ECF No. 70

In a separate case involving the same patent here asserted, Mophie, Inc. v. Shah, No. 8:13-cv-01321 (C.D. Cal.), another judge in this judicial district recently granted summary judgment against mophie, finding the '235 patent invalid for indefiniteness. A redacted version of this order has been submitted as Exhibit A to defendant's reply brief. See ECF No. 70 Ex. A. This order found that "one skilled in the relevant art could not reasonably be expected to determine how to choose between" two potential meanings of the term "back plane" as used in the '235 patent. Id. at 49–50.

The Court held a hearing on the motion to stay on December 1, 2014.[2] After considering the parties arguments, the Court will stay the patent claim only, at least until the earlier of the conclusion of the PTO reexamination proceedings or the Federal Circuit's disposition of plaintiff's appeal in the Shah case.

---

[1]The Patent Office has a pilot program allowing patent owners to forgo this Owner's Statement, which would shorten the duration of the *ex parte* reexamination process. See Lee Decl. Ex. E.

[2]At oral argument, plaintiff's counsel agreed that litigating the patent claims under the Court's most recent scheduling order did not make sense in light of the Shah decision, which plaintiff intends to appeal. Plaintiff's counsel asked that any stay, however, be vacated upon the Federal Circuit's decision on plaintiff's anticipated appeal of the Shah decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:13-cv-01705-CAS (JCGx) | Date | December 1, 2014 |
| Title | MOPHIE, INC. v. UNU ELECTRONICS INC., ET AL. | | |

## II.     LEGAL STANDARD

A district court has discretionary power to stay proceedings pending before it.  See Landis v. North American Co., 299 U.S. 248, 254 (1936).  Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  A district court's inherent power to control its docket "includes the authority to order a stay pending the outcome of reexamination proceedings in the PTO." Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness Inc., No. CV 97–7681 LGB (EX), 1998 WL 670240, at *2 (C.D. Cal. 1998).  Under these circumstances, a court's discretion is guided by: "(1) the stage and history of the litigation; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Asetek Holdings, Inc. v. Cooler Master Co., No. 13-cv-00457-JST, 2014 U.S. Dist. LEXIS 47134, at *5 (N.D. Cal. Apr. 13, 2014).  Although these three factors have been widely applied, courts have sometimes looked more broadly to the "totality of the circumstances."  Allergan, Inc. v. Cayman Chem. Co., No. SACV 07-01316-JVS (RNBx), 2009 U.S. Dist. LEXIS 131889, at *3 (C.D. Cal. Apr. 9, 2009); see also Universal Elec., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1035 (C.D. Cal. 2013) ("The three-factor analysis . . . while important, does not capture every relevant consideration.").

"There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings."  Guthy-Renker Fitness, 1998 WL 670240, at *2 (quoting ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)).  Moreover, a district court's order staying an infringement suit pending re-examination proceedings is not appealable.  Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983).  Still, a "court is under no obligation to delay its own proceedings by yielding to ongoing PTO reexaminations, regardless of their relevancy to infringement claims which the court must analyze."  Verinata Health v. Ariosa Diagnostics, No. C 12-05501 SI, 2014 U.S. Dist. LEXIS 4025, at *5 (N.D. Cal. Jan. 13, 2014) (quoting ESCO Corp. v. Berkeley Forge & Tool, Inc., No. C 09-1635-SBA, 2009 U.S. Dist. LEXIS 94017, at *5 (N.D. Cal. Sept. 28, 2009)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:13-cv-01705-CAS (JCGx) | Date | December 1, 2014 |
| Title | MOPHIE, INC. v. UNU ELECTRONICS INC., ET AL. | | |

## III. ANALYSIS

### A. Whether the Reexamination Proceedings Warrant a Stay of the Patent Claim

As noted above, courts determining whether to stay proceedings under similar circumstances generally apply a three-factor balancing test, but may look to other considerations impacting the totality of the circumstances.

#### 1. Stage of Litigation

A district court's analysis of the stage of litigation focuses on "whether discovery is completed, and whether a trial date has been set." Guthy-Renker Fitness, 1998 WL 670240, at *2. "A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery." Ho Keung Tse v. Apple Inc., No. C 06-06573 SBA, 2007 U.S. Dist. LEXIS 76521, at *5 (N.D. Cal. Oct. 4, 2007). In this case, a trial date has been set, but discovery has not been completed, although a significant amount of discovery has taken place.

Defendant argues that the case is "still in its infancy" because fact discovery is still open, no Markman hearing date has been set, no fact depositions have been taken, and claim construction briefing has not been completed. ECF No. 61, Memo. at 6. Defendant cites cases that have been stayed at later stages of litigation. See, e.g., NetJumper Software, LLC v. Google, Inc., No. 04-0366, 2008 U.S. Dist. LEXIS 54975, at *1–2 (E.D. Mich. July 15, 2008) (granting a stay after the defendant had already lost a motion for summary judgment); eSoft, Inc. v. Blue Coat Sys., 505 F. Supp. 2d 784, 788 (D. Colo. 2007) (granting a motion to stay "at or near completion" of discovery).[3]

Plaintiff contests defendant's characterization of the case as "in its infancy." Plaintiff points to steps already taken in the case, including: (1) the setting of two scheduling orders, including a trial date, (2) the parties' service of and responses to interrogatories, requests for admissions, and document requests, resulting in the

---

[3]Plaintiff argues that these cases are distinguishable because the NetJumper plaintiff was a non-practicing entity and the eSoft court had not yet set a trial date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 8:13-cv-01705-CAS (JCGx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | MOPHIE, INC. v. UNU ELECTRONICS INC., ET AL. | | |

production of thousands of pages of discovery, (3) the completion of claim construction discovery, and (4) the filing of opening claim construction briefs. ECF No. 65 at 8; see generally ECF No. 67 (Swaroop Decl.).

Although a trial date has been set, discovery is still at a relatively early stage, and a tremendous amount of additional discovery would be required before trial on the patent claim. Therefore, the Court finds that this factor weighs slightly in favor of a stay pending the reexamination proceedings.

    2.    Simplification of Issues

Next, the Court analyzes "whether a stay will simplify the issues in question and trial of the case." Guthy-Renker Fitness, 1998 WL 670240, at *2.

Defendant argues that reexamination will simplify this action. First, defendant contends that reexamination results in cancellation or modification of a majority of patents, and that if either occurs here, proceeding on the patent claim before reexamination would be inefficient. Defendant submits *ex parte* reexamination filing data from the PTO, the accuracy of which plaintiff does not contest.[4] See ECF No. 61-7. This data indicates that the median and mean duration of *ex parte* reexamination proceedings are 20.1 and 27.8 months, respectively. Id. at 2. From 1981 through September 2013, 12% of *ex parte* reexaminations resulted in the cancellation of all claims, 22% resulted in the confirmation of all claims, and 66% resulted in changes to one or more claims. Id. at 3. Defendant contends that trial on the patent issues could be avoided altogether if one or more of the '235 patent's claims are canceled, and that discovery and trial could be streamlined if claims are amended or narrowed. Defendant argues that if this case proceeds but reexamination results in invalidation or amendment, supplemental discovery or a reevaluation of claim construction may be required.

Plaintiff casts defendant's arguments that reexamination will simplify issues as speculative. Plaintiff points out that, according to defendant's data, only 12% of

---

[4]The Court takes judicial notice of this PTO data as facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 8:13-cv-01705-CAS (JCGx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | MOPHIE, INC. v. UNU ELECTRONICS INC., ET AL. | | |

reexaminations result in the cancellation of all claims. Plaintiff discounts the fact that two-thirds of *ex parte* reexaminations result in modification because *ex parte* reexaminations, unlike *inter partes* reexaminations, do not prevent the requesting party from seeking district court review on grounds that could have been raised in reexamination. See Interwoven, Inc. v. Vertical Computer Sys., No. C 10-4645 RS, 2012 U.S. Dist. LEXIS 30946, at *10–11 (N.D. Cal. Mar. 8, 2012). Plaintiff also points out that, as discussed more fully below, this case presents non-patent claims for relief that will not be simplified by the PTO reexamination.

When the PTO conducts *ex parte* reexamination of a patent involved in pending litigation, "[a] stay will always simplify the issues in the litigation to some extent." IMAX Corp. v. In-Three, Inc., 385 F. Supp. 2d 1030, 1032 (C. D. Cal. 2005). The Court of Appeals for the Federal Circuit has noted that "[o]ne purpose of the reexamination procedure is to eliminate trial of [patent claim validity] (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983). District courts have espoused similar views:

> [I]f the PTO finds some or all of the claims of the patent are invalid, the Court will have wasted resources and the parties will have spent funds addressing an invalid claim if this action goes to trial prior to the re-examination. On the other hand, if the PTO upholds the validity of the re-examined patent, this is strong evidence that the district court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence.

Ho Keung Tse, 2007 U.S. Dist. LEXIS 76521, at *10-11 (citation omitted) (granting a stay pending *ex parte* reexamination). As one court has explained, "[t]here are many advantages to granting such a stay":

> a) All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
>
> b) Many discovery problems relating to prior art can be alleviated by the PTO examination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 8:13-cv-01705-CAS (JCGx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | MOPHIE, INC. v. UNU ELECTRONICS INC., ET AL. | | |

      c) In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

      d) The outcome of the reexamination may encourage a settlement without further involvement of the Court.

      e) The record of the reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

      f) Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.

      g) The cost will likely be reduced both for the parties and the Court.

Allergan, 2009 U.S. Dist. LEXIS 131889, at *2 (citing cases).[5]

      In addition to these generic considerations favoring a stay, the Court notes that the Shah court's finding that the '235 patent is invalid weakens plaintiff's argument that the possibility of cancellation is merely speculative. Accordingly, the Court finds that this factor weighs in favor of a stay pending the reexamination proceedings.

      3.     Undue Prejudice

      Finally, the Court analyzes "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Guthy-Renker Fitness, 1998 WL 670240, at *2. "The delay inherent to the reexamination process does not constitute, by itself, undue prejudice." Photoflex Prods., Inc. v. Circa 3 LLC, No. C 04-03715 JSW, 2006 WL 1440363, at *2 (N.D. Cal. May 24, 2006). Courts have looked to considerations such as the timing of the requests for reexamination and a stay, the status of the reexamination proceedings, and the relationship of the parties. Boston Sci. Corp. v. Cordis Corp., 777 F. Supp. 2d 783, 789 (D. Del. 2011).

---

     [5]These advantages, however, do not mean that a stay should always be granted; indeed, the Allergan court declined to stay the litigation pending before it. 2009 U.S. Dist. LEXIS 131889, at *15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 8:13-cv-01705-CAS (JCGx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | MOPHIE, INC. v. UNU ELECTRONICS INC., ET AL. | | |

      Defendant argues that plaintiff will not suffer prejudice from a stay because defendant promptly filed its requests for re-examination and a stay, so that plaintiff has not invested substantial time and expense in the litigation. Defendant further argues that its prompt filing of its reexamination request weighs against a finding of dilatory action or gamesmanship that would indicate that a stay would place plaintiff at a tactical disadvantage. Cf. Photoflex, 2006 WL 1440363, at *2 ("Courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent.").

      Plaintiff argues that it would be prejudiced by a stay pending reexamination because the parties are direct competitors, ECF No. 65 at 3, a contention defendant does not appear to deny. Plaintiff cites cases to the effect that "[c]ourts are generally reluctant to stay proceedings where the parties are direct competitors." Cordis Corp., 777 F. Supp. 2d at 789; see also Verinata, 2014 U.S. Dist. LEXIS 4025, at *10 ("Infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages. Staying a case while such harm is ongoing usually prejudices the patentee that seeks timely enforcement of its right to exclude." (alterations and quotation marks omitted)). This concern stems largely from the fact that a stay prevents the non-movant from seeking injunctive relief during the pendency of the reexamination proceedings, during which the plaintiff could lose market position. See Allergan, 2009 U.S. Dist. LEXIS 131889, at *4–7 (finding that market conditions weighed against a stay where the alleged infringer competed directly against the plaintiff). Plaintiff contends that the parties are direct competitors because both sell battery cases for smartphones as well as external battery packs for charging smartphones and tablets, that defendant is able to charge a lower cost by copying plaintiff's designs instead of investing in research development, and that plaintiff will lose significant ground in the market if this status quo is preserved during the reexamination hearings.[6]

---

[6]Plaintiff's Senior Vice President declares that it sells its "juice pack" cases at a retail price of between $80 and $150 to recoup its research and development costs, while defendant sells its "imitation" battery cases for substantially less. ECF No. 66 ¶ 10. Plaintiff submits printouts from the discount website Groupon showing defendant's products being sold for approximately $30 to $50. Id. ¶¶ 11, 12. This declaration also asserts that consumers and retailers "regularly" ask plaintiff why it charges significantly more than defendant and other allegedly infringing competitors. Id. ¶ 13. Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:13-cv-01705-CAS (JCGx) | Date | December 1, 2014 |
| Title | MOPHIE, INC. v. UNU ELECTRONICS INC., ET AL. | | |

Plaintiff also argues that it would be prejudiced by a stay pending reexamination because it seeks preliminary and final injunctive relief, and that courts have found the unavailability of these remedies during a stay to weigh against granting one. See FAC ¶ J. Plaintiff has not filed a motion for a preliminary injunction, although it has been less than six months since plaintiff added its patent infringement claim to this lawsuit. Cf. Allergan, 2009 U.S. Dist. LEXIS 131889, at *8–9 (reasoning that the fact that a plaintiff had not filed a motion for preliminary injunction weighed in favor of a stay, but only slightly, where the plaintiff represented that it wanted to wait until after the Markman hearing to file such a motion, and that the plaintiff's request for preliminary injunctive relief in its complaint weighed against a stay); Universal Remote Control, 943 F. Supp. 2d at 1034 ("[O]n a motion to stay, the Court will not hold against the patentee the decision to spare the parties more litigation in the form of a motion for preliminary injunction." (brackets and quotation marks omitted)).

That the parties directly compete, and that plaintiff has sought injunctive relief, provide stronger reasons to decline to stay this proceeding pending reexamination than in cases where the parties do not compete. Still, especially in light of the Shah court's finding that the '235 patent is invalid, the Court is not convinced on the record before it that a stay of the patent claim would so prejudice plaintiff as to outweigh the reasons favoring a stay of the patent claim.

    4.  Conclusion on Patent Claim

In the wake of the Shah decision, the parties now agree that some stay of the patent infringement claim is appropriate. Defendant maintains that, for the reasons discussed above, the stay should remain in place until the PTO concludes its reexamination proceedings. Plaintiff suggests that the patent claim instead be stayed pending plaintiff's anticipated appeal of the Shah decision to the Federal Circuit. As indicated at oral argument, the Court finds that the best course is to stay the patent claim at least until the earlier of (1) the conclusion of the PTO reexamination proceedings or (2) the Federal

---

responds that the comparison between retail and discounted prices is unfair, and submits advertisements for some of mophie's products on Groupon listing a retail price of $79.99 but offering the products for approximately $20 to $40. See ECF No. 70 Ex. B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 8:13-cv-01705-CAS (JCGx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | MOPHIE, INC. v. UNU ELECTRONICS INC., ET AL. | | |

Circuit's disposition of the anticipated Shah appeal. At that time, the Court will determine whether good cause exists to continue the stay.

### B. Whether the Non-Patent Claims Should Be Stayed

Courts have denied motions to stay, or have declined to stay non-patent claims, where "reexamination potentially will eliminate only one issue out of many." IMAX Corp., 385 F. Supp. 2d at 1032 (finding a stay unjustified where "myriad issues" would remain unresolved even if the PTO canceled asserted patents in reexamination proceedings). In Cognex Corp. v. National Instruments Corp., one of many factors leading the court to deny a stay entirely was that the plaintiff "allege[d] a variety of claims which are not linked to the patent infringement claim, including claims of copyright and trademark infringement and unfair competition." No. Civ. A. 00–442–JJF, 2001 WL 34368283, at *2 (D. Del. June 29, 2001). In Photoflex, 2006 WL 1440363, at *2, the plaintiff brought claims for patent infringement, copyright infringement, false designation of origin and unfair competition. Although the court granted a stay of the patent claims based on re-examination proceedings, the court denied a stay as to the remaining claims because the defendant "failed to address whether there are significant overlapping issues between the patent claim and these other claims whereby a stay of the other claims would reduce the burden of litigation on both the parties and the Court." Id.

Defendant argues that the entire action should be stayed because the non-patent claims "all arise from the products that form the basis of mophie's patent claim," and are therefore "intertwined" with the patent issues. ECF No. 61, Memo. at 10. Plaintiffs respond that the non-patent claims "will be completely unaffected by the patent reexamination proceedings," and that if the patent "were to disappear tomorrow, the trademark and copyright claims would proceed unaffected." ECF No. 65 at 7, 12. Plaintiff has the better of the argument here, as it is unclear how claims relating to non-functional trade dress design elements, packaging, and naming of products are "intertwined" with the patents in suit. Defendant nevertheless contends that a stay of the entire case makes sense because if only the patent claim is stayed, the parties may have to retake depositions of some witnesses.

The non-patent claims appear to be independent of the patent claim—indeed, the latter was added eight months after the lawsuit's filing—and the Court is not persuaded that the possibility of some duplicative depositions justifies a potentially lengthy stay of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  'O'

| Case No. | 8:13-cv-01705-CAS (JCGx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | MOPHIE, INC. v. UNU ELECTRONICS INC., ET AL. | | |

all claims. Moreover, plaintiff would likely suffer some prejudice by a stay of the non-patent claims, as it would be unable during the pendency of the stay to seek injunctive relief for alleged trademark and copyright infringement and unfair competition. Therefore, while the Court finds a stay of the patent claim justified, the Court does not find that defendant has shown good cause for a stay of the entire case.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS IN PART defendant's motion and STAYS the asserted patent infringement claim at least until the earlier of (1) the conclusion of the PTO reexamination proceedings or (2) the Federal Circuit's disposition of the anticipated Shah appeal. On the occurrence of one of these two events, the Court will hold a hearing to determine whether good cause exists to continue the stay any further. The parties shall submit a joint status report **every 120 days** beginning with the date of this order's issuance, apprising the Court of the status of the appeal to the Federal Circuit of Shah and the PTO reexamination proceedings. Defendant's motion is otherwise DENIED.

IT IS SO ORDERED.

|  | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |